

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00245-CR

**ARNOLD WALDEN ELKINS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 19-02480-CRF-85

## MEMORANDUM OPINION

After a jury trial, Appellant was convicted of the offense of online solicitation of a minor and sentenced to 6 years in prison. *See* TEX. PENAL CODE ANN. § 33.021(b). He appeals the trial court's exclusion of expert testimony in the guilt-innocence phase of trial regarding his diagnosis of, and medical treatment for, Parkinson's disease. We affirm.

## Background

Appellant was charged by indictment with the offense of online solicitation of a minor as follows:

> [Appellant]…heretofore on or about the 13th day of September, 2018, did then and there, being a person who was 17 years of age or older, with the intent to commit the offense of Sexual Assault, intentionally communicate over the internet or by an electronic message service in a sexually explicit manner, to-wit: asking an individual he believed to be a child younger than 17 years of age if she wanted to engage in sexual intercourse in a car or stating he wanted to perform oral sex on her or asking if she wanted to perform oral sex on him or discussing various sexual positions or discussing orgasms, with K. Fretwell, an individual the defendant believed to be younger than 17 years of age[.]

*See* TEX. PENAL CODE ANN. §§ 22.011, 33.021(b).

During the guilt-innocence phase at trial, Appellant sought to offer the testimony of Dr. Lakshmi Mukundan, a neurologist and clinical neurophysiologist who treated him for Parkinson's disease, to rebut the *mens rea* elements of the charged offense. In a hearing outside of the jury's presence, Dr. Mukundan testified generally that people diagnosed with Parkinson's disease and who take certain medications for treatment may struggle with symptoms and side effects such as mood changes, sleep disturbances, decreased impulse control, and hypersexuality. She explained that Appellant was in a moderate to advanced stage of Parkinson's disease when she began treating him and described the various treatments Appellant had received. Dr. Mukundan expressed that her ultimate opinion, should she be permitted to testify, would be that Appellant's Parkinson's disease

and levels of medication would have contributed to his difficulty controlling impulses, decreased ability to plan and execute, and decreased ability to use logic and reasoning.

On cross-examination, the State provided the legal definition of intent found in Texas Penal Code Section 6.03(a) and asked Dr. Mukundan if Appellant could "form intent to either engage in a conduct or cause a result[.]" *See id.* at § 6.03(a). Dr. Mukundan agreed that Appellant's disease was not so advanced that he was incapable of forming intent to commit an act. She further agreed that when this offense occurred in 2018, Appellant would have been able to form the intent to engage in a sexual act. Though Dr. Mukundan agreed with defense counsel that "[t]he conscious objective or desire can be influenced by the medication," she ultimately expressed her opinion that Appellant's "ability to form the conscious objective may not be affected but the desire to engage in the conduct may be affected."

The trial court excluded Dr. Mukundan's testimony.

**Exclusion of Expert Testimony**

In his sole issue on appeal, Appellant argues that the trial court's exclusion of Dr. Mukundan's testimony prevented him from presenting a viable defense because her testimony tends to negate the *mens rea* elements of the charged offense. We disagree.

STANDARD OF REVIEW AND RELEVANT LAW

Evidence of a defendant's disease or defect that directly rebuts the particular *mens rea* necessary for the charged offense is relevant and admissible unless excluded under a

specific evidentiary rule. *Ruffin v. State*, 270 S.W.3d 586, 587-88 (Tex. Crim. App. 2008). This is "simply a failure-of-proof defense in which the defendant claims that the State failed to prove that the defendant had the required state of mind at the time of the offense." *Jackson v. State*, 160 S.W.3d 568, 573 (Tex. Crim. App. 2005). If evidence of a defendant's defect does not directly rebut a defendant's culpable *mens rea*, a trial court is not required to admit it. *See Mays v. State*, 318 S.W.3d 368, 382 (Tex. Crim. App. 2010). The determination of whether the evidence actually demonstrates the absence of proof for the required *mens rea* lies within the purview of the trial court's sound discretion. *Jackson*, 160 S.W.3d at 574. We therefore review the trial court's decision to exclude evidence of a defendant's disease or defect for an abuse of discretion. *See id.* at 575.

DISCUSSION

A person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct. TEX. PENAL CODE ANN. § 6.03(a). The question presented in this case is whether Dr. Mukundan's testimony directly rebutted either of the *mens rea* elements of Appellant's (1) intent to commit the offense of sexual assault or (2) intent to communicate in a sexually-explicit manner with an individual he believed to be under the age of 17. *See id.* at §§ 22.011, 33.021(b).

In his brief, Appellant compares Dr. Mukundan's testimony to the proffered testimony in *Ruffin v. State*. *See Ruffin*, 270 S.W.3d at 587-91. We find *Ruffin* to be distinguishable. In *Ruffin*, the defendant was charged with first-degree aggravated

assault for shooting at police officers. *Id.* at 587. However, he suffered from severe delusions that distorted his auditory and visual perceptions and caused him to believe that he was shooting at trespassers, not at police officers. *Id.* at 589-90. The Court of Criminal Appeals found the evidence of his delusions was relevant to negate his specific intent to shoot at a police officer as required to support his conviction for first-degree aggravated assault. *Id.* at 596-97. Here, unlike in *Ruffin*, there was no testimony that Appellant's diagnosis or related treatment would cause him to be incapable of perceiving a fact crucial to *mens rea*. *See Crumley v. State*, No. PD-0471-23, 2024 Tex. Crim. App. LEXIS 595, 2024 WL 3882230, at *12 (Tex. Crim. App. Aug. 21, 2024).

Further, Dr. Mukundan did not indicate that Appellant's Parkinson's disease or his treatment would cause him to be incapable of forming the conscious objective or desire to commit sexual assault or to communicate in a sexually-explicit manner with an individual he believed to be under the age of 17. To the contrary, she testified that Appellant "did not have the lack of ability to form an intent." Rather than tending to negate the *mens rea* for the charged offense, Dr. Mukundan's testimony offered context explaining why Appellant may have been more prone than the average person to choose to engage in conduct despite his awareness of potential consequences. As the Court of Criminal Appeals recently explained in *Crumley v. State*:

> At best, the [relevant diagnosis] evidence here simply provided context for an offense or otherwise explained decisions collateral to the formation of the actor's mental state. And we agree with the State that "almost any mental health concern could shed light on the defendant's mental state that

day" and that broadly allowing mental-illness-or-defect evidence to set the context for a defendant's decisions would result in "little to no limit to the admission of such evidence." We should carefully scrutinize mental-illness-or-defect evidence because "[p]sychiatrists are capable of supplying elastic descriptions of mental states that appear to but do not truly negate the legal requirements of mens rea."

*Crumley*, 2024 Tex. Crim. App. LEXIS 595, at *12-13.

We find that the trial court did not abuse its discretion by excluding Dr. Mukundan's expert testimony regarding Appellant's Parkinson's disease diagnosis and treatment because the testimony was not relevant to rebut either of the *mens rea* elements in the charged offense. Accordingly, we overrule Appellant's sole issue on appeal.

## Conclusion

Having overruled Appellant's sole issue on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed October 3, 2024
Do not publish
[CR25]

